GEORGE R. MASON, Respondent, v. LULU GASS *et al.*, Appellants.

St. Louis Court of Appeals, May 7, 1895.

Mechanics' Lien, Contract for Release of: CONSIDERATION. A contract between the original contractor for the erection of a building and a subcontractor under him, whereby the latter foregoes his right to file a mechanics' lien, is supported by a sufficient consideration, if by its terms the subcontractor is to receive a portion of his compensation free of conditions imposed by a prior agreement between the parties.

*Appeal from the St. Louis County Circuit Court.*—HON. RUDOLPH HIRZEL, Judge.

REVERSED AND REMANDED (*with directions*).

*Wm. F. Smith* and *D. D. Fassett* for appellant.

It was an error of court to conclude and determine that plaintiff was, under the pleadings and evidence, entitled to a mechanic's lien for the indebtedness of $300 due from Grant to plaintiff, notwithstanding the express release of the premises "from right of mechanic's lien" under the facts in evidence and the estoppel pleaded in defendants' answer. The court

should have held that the contract of December 2, 1892, with its accompanying circumstances, operated as a waiver and estoppel. It accomplished the object and purpose it was at the time intended to accomplish between all the parties. Phillips on Mechanics' Liens, sec. 295; 2 Jones on Liens, sec. 1500; *Brown v. Clark*, 120 Pa. St. 24; *Nelson v. Douglass*, 66 Md. 99; *Murray v Earle*, 13 S. C. 87; *Given v. Corse*, 20 Mo. App. 132; *Suits v. Taylor*, 20 Mo. App. 166; *Griffith v. Gillum*, 31 Mo. App. 33; *Willison v. Douglass*, 66 Md. 99; *Pickett v. Bullock*, 52 N. H. 354; *Iron Company v. Murray*, 38 Ohio St. 323; *Long v. Caffery*, 93 Pa. St. 526.

*R. H. Stevens* for respondent.

BOND, J.—This action is brought by a subcontractor against the owner of certain real estate, and the general contractor for the erection of two dwellings thereon, for the purpose of enforcing a mechanic's lien for "all carpenter work put upon said building." The work done was alleged to be reasonably worth $500, a credit of $200 was given, and judgment with lien on the property was asked for the remainder. The defense was a general denial, and a plea of express waiver of mechanic's lien. The reply was that the contract relied upon as a waiver of lien was not supported by any consideration. The case was tried by the court without a jury.

The facts are that plaintiff entered into a contract with the general contractor for the improvements on the fifteenth of October, 1892, by which it was provided that plaintiff should do all the carpenter work on the proposed buildings for the sum of $500, out of which the general contractor should pay the carpenters and laborers employed by plaintiff "their regular wages once a week," and the balance should be paid

plaintiff when the buildings were completed and received, and, in case of suit for such balance, a reasonable attorney's fee should be allowed in plaintiff's favor. On the second of December, 1892, plaintiff and said contractor made another contract, to wit:

"This agreement made this day by and between J. N. Grant and George E. Mason witnesseth as follows, to wit: The said Grant agrees to pay the said Mason the sum of $500 for the carpenter work on two frame houses to be built for Mrs. Lulu Gass on Sterrett avenue, in Forest Park Heights, in St. Louis county, and agrees to pay two fifths of the value of the work done, as the building progresses, by orders on Ingals & Co. The said Mason agrees that he will release the said building from right of mechanic's lien."

The foregoing was signed by said Grant and said Mason. Attached thereto, and immediately following it, was the following: "We hereby agree not to pay the said Grant any money on said houses until all other bills are paid." This memorandum was signed by Ingals, the owner's trustee. The evidence showed that plaintiff made the foregoing agreement with the general contractor, because he had been unable to get money from the latter under the agreement between them made October 15, *supra*, and that, after the latter agreement of December 2, 1892, was made, plaintiff received two fifths of the $500 for which he was to do the work in question during its further progress; that he had not, however, received either from the general contractor or Ingals, the trustee of the owner, any further payments. There was a contract between the general contractor and the agent of the owner dated October 20, 1892, whereunder the said contractor was to pay the carpenters' work and carry such payments until the completion of the building. The learned circuit judge gave judgment for $325 in favor of plain-

tiff against the defendant contractor, and charged the same as a lien upon the property of defendant Lulu Gass.

This judgment can not be sustained upon the foregoing facts, in so far as it establishes a lien on the property of the defendant Mrs. Gass. The only theory, on which the express waiver of lien made by plaintiff in his contract of December 2, 1892, could be avoided, is that there was no consideration for this contract. That argument, however, is answered by the terms of the contract, as compared with the prior agreement between plaintiff and the contractor, as well as by the conceded facts. In the first place under the first agreement between these parties, plaintiff could not demand any definite portion of the contract price during the progress of his work. All that the former contract bound the contractor to pay was the regular wages of the journeymen carpenters once a week. Under the latter contract a different and certain method of payment was secured to plaintiff, i. e., two fifths, or $200, of the contract price of $500 during the progress of the work. Besides, the plaintiff's evidence shows that he could not get money from the contractor under the former agreement, and that in order to get $200, which he said "would take him through while carrying on the work," he entered into the latter agreement. These facts furnished sufficient consideration for the execution of the latter contract in lieu of the former. *Lancaster v. Elliott*, 55 Mo. App. *loc. cit.* 255; *Marks v. Bank*, 8 Mo. 319; *City v. Gas Light Company*, 70 Mo. 111.

This conclusion is decisive of this case, and necessitates a reversal of so much of the judgment of the court below as charged the property of defendant Lulu Gass with the amount recovered by plaintiff against the general contractor. For this purpose the cause will be

remanded with directions to the circuit court to enter a personal judgment in favor of plaintiff against the contractor for the sum heretofore found to be due plaintiff, without any lien therefor against the property of defendants. All concur.